■ BERNICE ROSADO, Respondent, v MARIA CASA et al., Appellants. [606 NYS2d 9] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered September 29, 1992, which denied defendants' motion to dismiss the action as barred by the Statute of Limitations, unanimously affirmed, with costs.

After tolling the Statute of Limitations by filing the summons and complaint with the Bronx County Clerk's office (CPLR 203 [b] [5]) plaintiff, claiming to be unable to locate defendant, moved ex parte for permission to serve her by regular mail at her last known address (CPLR 308 [5]). The motion was granted and service was made. Thereafter, a motion by defendant to dismiss the action as time-barred was denied on the ground that the address given for defendant in the police report that was included in plaintiff's ex parte motion was sufficient to show, prima facie, that the summons and complaint were properly filed in Bronx County for purposes of the CPLR 203 (b) (5) toll.

There is no merit to defendant's contention that the IAS Court erred in considering this police report *(see,* CPLR 2214 [c]). Furthermore, inasmuch as the supporting documentation submitted with the ex parte motion was not included in the record on appeal, this Court is unable to review defendant's claim that plaintiff failed to make a reasonable inquiry into her address before resorting to service at her last known address. Certainly, it cannot be said that plaintiff failed in her obligation to respond to defendant's claim, since defendant

first raised the claim only in her reply papers. Concur—Rosenberger, J. P., Ellerin, Kupferman and Rubin, JJ.